STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL FUCHINI, PLAINTIFF IN ERROR.

Submitted June term, 1923—Decided November 7, 1923.

**Crimes—Sale of Liquor—Specifications of Causes for Reversal Examined—Verdict Affirmed.**

In error.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Jacob R. Mantel.*

For the defendant in error, *Abe J. David,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was indicted and found guilty of the possession and sale of liquor on the first four counts of the indictment, viz., December 2d, 4th, 5th and 7th, 1922, at 50 Railroad avenue, Summit, New Jersey. Thirteen assignments of error and twenty-two specifications of causes for

reversal were filed. These are argued under eight heads in the brief of the plaintiff in error.

*First.* There was no evidence to justify the jury in returning a verdict of guilty. This seems to be based on the idea that the jury could not convict on the testimony of Henry Spring, a detective. Not so, if the jury believed him, which they evidently did, by the verdict returned.

*Second.* No proof that the liquor sold contained more than one-half of one per centum of alcohol by volume. Not necessary under *Pamph. L.* 1922, *p.* 615, ¶ 37, presumed to be for beverage "purposes and to contain," &c.

*Third.* The indictment charged no crime. This is not now in the case. No attack was made upon the indictment in the court below.

*Fourth.* Permitting a certain bottle in evidence. This was not error.

*Fifth.* Refusing to withdraw a juror and declare a mistrial. This was discretionary with the trial judge.

*Sixth, seventh and eighth.* Criticism of the charge. This falls within the rule stated in *State v. Contarino,* 92 *N. J. L.* 381, 385. In that case, it is said, to be settled, that if instructions contain several propositions, some of which are proper, an objection to the whole will not avail. The particular points deemed erroneous must be pointed out. A reversal will not be had, when the exception is not directed specifically to the proposition alleged to be erroneous.

The judgment of the Union County Quarter Sessions is affirmed.